IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

RICHARD HOEFT,

    Plaintiff,

v.                                        Case No. 09-C-0236

DR. MENOS AND HOLLI MEYER, DIRECTOR,
HEALTH SERVICES UNIT,

    Defendants.

## DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT UNDER 42 U.S.C. 1983

NOW COME the defendants, Jeffrey G. Menos, D.D.S., and Holly Meier, by their attorneys, Attorney General J.B. Van Hollen and Assistant Attorney General Ann M. Peacock, and as and for their amended answer and affirmative defenses to the plaintiff's "Complaint Under 42 U.S.C. 1983" ("complaint"),[1] respond as follows:

1.     Answering paragraph 1 of plaintiff's complaint, defendants ADMIT.

2.     Paragraph 2 is a legal conclusion to which no response is required, and therefore the defendants DENY.

3.     Paragraph 3 is a legal conclusion to which no response is required, and therefore the defendants DENY.

---

[1] The complaint was renumbered and attached to defendants' original answer.

4. Answering paragraph 4 of plaintiff's complaint, defendants ADMIT that the plaintiff was transferred from the Flambeau Correctional Center ("FCC") to the Fox Lake Minimum Correctional Institution ("FMCI") for dental care. Defendants DENY that the plaintiff was transferred on September 14, 2007. Defendants ALLEGE that the plaintiff was transferred on September 13, 2007.

5. Answering paragraph 5 of plaintiff's complaint, defendants DENY. Defendants ALLEGE that the plaintiff completed a Dental Service Request ("DSR"), dated September 14, 2007. Defendants further ALLEGE that this DSR was received by dental services on September 17, 2007.

6. Answering paragraph 6 of plaintiff's complaint, defendants DENY. Defendants ALLEGE that the plaintiff completed a Dental Service Request ("DSR"), dated September 14, 2007. Defendants further ALLEGE that the DSR stated as follows:

> I need to make an appointment to get my cavities fix. My teeth hurt.
>
> Also I need partials too.
>
> Thank you.

Defendants further ALLEGE that this DSR was received by dental services on September 17, 2007. Defendants further ALLEGE that the response to the DSR indicated that the plaintiff would be placed on the "Routine Wait List" and that he would be eligible for a partial evaluation after all work was completed "to see if eligible."

7. Answering paragraph 7 of plaintiff's complaint, defendants ADMIT that the plaintiff completed a Dental Service Request ("DSR"), dated February 24, 2008. Defendants further ALLEGE that this DSR was received by dental services on February 25, 2008.

8. Answering paragraph 8 of plaintiff's complaint, defendants DENY. Defendants further ALLEGE that the DSR stated as follows:

> In September of 2007 I was put on the dental list for my cavities and partials because my teeth hurt & I can't chew my food properly. I am sending this request also as my teeth still hurt.

Defendants further ALLEGE that the response to the DSR indicated that the plaintiff was already listed for treatment as of September 17, 2007, and that there were about 200 requests for treatment ahead of him.

9. Answering paragraph 9 of plaintiff's complaint, defendants lack knowledge or information sufficient to form a belief as to the truth that the plaintiff wrote Defendant Meyer on March 9, 2008. Defendants DENY the remaining allegations therein. Defendants ALLEGE that the plaintiff completed an Interview/Information Request form that stated as follows:

> I was sent down here from FCC in Sept. '07 for dental. I've been waiting for over 5 ½ months, to get my teeth fixed. they hurt. some are missing. I can't chew my food properly, what can be done.

Defendants further ALLEGE that this Interview/Information Request form was received by dental services on March 10, 2008.

10. Answering paragraph 10 of plaintiff's complaint, defendants DENY. Defendants further ALLEGE that this Interview/Information Request form was received by dental services on March 10, 2008. Defendants further ALLEGE that the response to the Interview/Information Request form indicated that the plaintiff was listed for treatment on September 17, 2007 and that he would be seen when it was his turn. Defendants further ALLEGE that the response to the Interview/Information Request form indicated that, at that time (September 17, 2007), there were about 300 patients that had requests prior to his and that emergencies must be seen first every day.

11. Answering paragraph 11 of plaintiff's complaint, defendants DENY. Defendants ALLEGE that Offender Complaint FLCI-2008-7988 was submitted by the plaintiff on March 11, 2008.

12. Answering paragraph 12 of plaintiff's complaint, defendants DENY. Defendants ALLEGE that Offender Complaint FLCI-2008-7988 was received on March 13, 2008. Defendants further ALLEGE that the ICE Receipt acknowledged Offender Complaint FLCI-2008-7988 on March 14, 2008.

13. Answering paragraph 13 of plaintiff's complaint, defendants DENY. Defendants ALLEGE that, on March 19, 2008, Offender Complaint FLCI-2008-7988 was dismissed with modification.

14. Answering paragraph 14 of plaintiff's complaint, defendants ADMIT.

15. Answering paragraph 15 of plaintiff's complaint, defendants DENY.

16. Answering paragraph 16 of plaintiff's complaint, defendants ADMIT.

17. Answering paragraph 17 of plaintiff's complaint, defendants ADMIT.

18. Answering paragraph 18 of plaintiff's complaint, defendants DENY.

19. Answering paragraph 19 of plaintiff's complaint, defendants DENY.

20. Answering paragraph 20 of plaintiff's complaint, defendants DENY.

21. Answering paragraph 21 of plaintiff's complaint, defendants DENY.

22. Answering paragraph 22 of plaintiff's complaint, defendants DENY.

23. Answering paragraph 23 of plaintiff's complaint, defendants DENY.

24. Answering paragraph 24 of plaintiff's complaint, defendants DENY.

25. Answering paragraph 25 of plaintiff's complaint, defendants DENY that the plaintiff is entitled to any of the relief he seeks.

26. Defendants DENY any and all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. To the extent that the defendants are sued in their individual capacity, they are protected by qualified immunity.

2. To the extent that the defendants are being sued in their official capacities, this action is barred by the Eleventh Amendment to the United States Constitution.

3. The defendants cannot be found liable for the actions of another under a theory of *respondeat superior* or supervisory liability.

4. No answering defendant is the agent, servant or employee of any other answering defendant and therefore there can be no liability against one answering defendant predicated on the actions or inactions of another answering defendant.

5. The action must be dismissed to the extent that any defendant did not have any personal involvement in the events leading to or surrounding the incident which is the basis of this lawsuit.

6. The defendants reserve the defense of plaintiff's failure to mitigate damages.

7. Any damages sustained by the plaintiff were caused by intervening and/or superseding causes over which the answering defendants had no control, including but not limited to the acts or omissions of the plaintiff.

8. This action must be dismissed in accordance with preclusion principles.

9. At all times relevant to matters alleged in plaintiff's complaint, the defendants acted in good faith in accordance with established laws and administrative rules.

10. The medical care provided by the defendants to the plaintiff was within the community health care standards and protocols of the Department of Corrections.

- 5 -
Case 2:09-cv-00236-PJG   Filed 02/19/10   Page 5 of 6   Document 38

11. All or a portion of the claims are frivolous and designed solely to harass the defendants.

12. The defendants reserve the right to name additional affirmative defenses as they may become known through further discovery or otherwise in this action.

**WHEREFORE**, these answering defendants demands judgment in favor of Jeffrey G. Menos, D.D.S., and Holly Meier, and against the plaintiff, dismissing the plaintiff's complaint, and an order awarding defendants attorneys' fees, as well as such other and further relief as the court deems appropriate under the circumstances.

Dated this 19th day of February, 2010.

J.B. VAN HOLLEN
Attorney General

s/ Ann M. Peacock
ANN M. PEACOCK   State Bar # 1046175
Assistant Attorney General
Attorneys for Defendants
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: 608-266-7656
Fax:  608-267-8906
E-Mail: peacockam@doj.state.wi.us