UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD HOEFT,

    Plaintiff,

    v.                                                          Case No. 09-C-0236

DR. MENOS AND HOLLI MEYER, DIRECTOR,
HEALTH SERVICES UNIT,

    Defendants.

## DECISION AND ORDER ON
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    The plaintiff, Richard Hoeft, a former Wisconsin inmate, filed this action pursuant to 42 U.S.C. § 1983. The plaintiff alleges the defendants, Dr. Menos, a prison physician, and Holli Meyer, violated the Eighth Amendment when they failed to provide him with adequate dental care while the plaintiff was a prisoner at the Fox Lake Correctional Institution. United States District Court Chief Judge Charles N. Clevert dismissed the complaint under 28 U.S.C. §1915(e)(2) on the ground that it failed to state a claim. The plaintiff appealed Judge Clevert's decision and on August 20, 2009, the United States Court of Appeals for the Seventh Circuit vacated the decision and remanded for further proceedings. Subsequently, the parties consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.) and the case was assigned to this court.

    On June 25, 2010, defendants Dr. Menos and Holli Meyer, filed a motion for summary judgment. (Docket # 40). The defendants moved for summary judgment based on the plaintiff's failure to respond to "Defendants' First set of Requests for Admission, Interrogatories, and Document Requests" mailed to the defendant on April 23, 2010.

(Affidavit of Ann M. Peacock of June 25, 2010 [Peacock Aff.], Exh. A). The motion is fully briefed and will be addressed herein.

On April 23, 2010, the defendants served the plaintiff with discovery requests, including requests for admissions, by United States mail. The April 23, 2010 requests to admit included the following warning:

> Pursuant to Fed. R. Civ. Rule 36, you are hereby required to respond to the following Requests for Admission, fully in writing under oath and to **serve your answers upon the undersigned within 30 days after service hereof. If you fail to respond to this Request for Admissions, the admissions will be deemed admitted.**
> . . .
>
> **Please note that each matter for which an admission is requested herein shall be deemed admitted unless, within 30 days after service of this request for admissions, you file and serve a written answer or objection to such matter.**

(Peacock Aff., ¶¶ 6, 9 & Exh. A at 1-2 [emphasis in original]). The plaintiff did not respond to the discovery requests. In early June 2010, counsel for the defendants contacted the plaintiff regarding his failure to respond to discovery, including the requests for admissions. The plaintiff indicated to counsel that he never received the discovery. The defendants then filed this motion for summary judgment. The defendants' motion, while based on the plaintiff's failure to respond to the requests to admit, describes in great detail, occupying two and one half pages of a ten page brief, the plaintiff's actions or inactions in other federal litigation. While the court understands that counsel for the defendant is frustrated, the plaintiff's actions or inactions in other federal litigation is not relevant to the present motion to dismiss based on the plaintiff's admissions.

In response to the defendants' motion, the plaintiff filed an affidavit. In the affidavit, dated July 17, 2010, the plaintiff avers he did not receive any discovery requests. (Affidavit

of Richard Hoeft dated July 17, 2010 [Hoeft Aff.], ¶ 2). The affidavit, while not notarized, is sworn under penalty of perjury. The defendants assert that the "plaintiff's brief only included one citation to admissible evidence . . . [and [h]is response to defendants' proposed findings of fact did not include any citations to admissible evidence. (Reply Brief in Support of Defendants' Motion for Summary Judgment [Defendant's Reply Brief] at 2). The defendants further assert that "the affidavit [the plaintiff] submitted on summary judgment was not notarized." Id. However, contrary to the defendants' contentions, a declaration made under penalty of perjury and verifying the truth of assertions that it contains is an affidavit and satisfies former Rule 56(e).[1] See 28 U.S.C. § 1746; Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004); Ford v. Wilson, 90 F.3d 245, 247 (7th Cir. 1996).

Moreover, since the defendants' motion for summary judgment is based on the plaintiff's failure to respond to requests for admissions, the plaintiff need not submit nor cite any evidence other than his affidavit averring that he did not receive the discovery requests. At this stage of the proceedings the court must accept the plaintiff's affidavit as true. Because the court cannot enter summary judgment against the plaintiff based on requests for admissions which he did not receive, the defendants' motion for summary judgment will be denied.

The defendants also assert that the court should dismiss the case as a sanction for the plaintiff filing a fraudulent document, namely the certificate of service of the plaintiff's brief in opposition to the defendants' motion for summary judgment, response to the proposed findings of fact and affidavit on the defendants. The plaintiff's certificate of service is dated "this 12th day of July, 2010." (Docket # 47-1). The defendants maintain, however,

---

[1] Federal Rule of Civil Procedure 56 has been amended, effective December 1, 2010 and Rule 56(e) no longer exists.

that the documents were not mailed on July 12, 2010, and, thus, the certificate of service is fraudulent. Counsel for the defendants received a copy of the plaintiff's summary judgment filings on July 26, 2010. The envelope containing the filings was postmarked July 24, 2010. That envelope contained a brief dated July 16, 2010, an affidavit dated July 17, 2010, and responses to proposed findings of fact dated July 12, 2010. Therefore, the defendants maintain that it is impossible for the plaintiff's certificate of service to be accurate because the documents were not mailed to defense counsel on July 12, 2010. The defendants further assert that "[w]hile typical litigants make excusable mistakes with certificate of service and U.S. mail allegations, [the plaintiff] is not a typical litigant." (Reply Brief in Support of Defendants' Motion for Summary Judgment at 9).

Although the certificate of service filed by the plaintiff in this case appears to have been incorrectly dated, there is no evidence to indicate that it was done so intentionally. Since, the plaintiff's response to the defendant's motion for summary judgment was timely filed on July 26, 2010, there was nothing for the plaintiff to gain by dating the certificate of service two weeks earlier. The certificate of service is dated the same date as the plaintiff's response to the proposed findings of fact. It is conceivable that the plaintiff planned on completing and mailing his response to the defendants' motion on that same date. Regardless, based on the information before it, the court will not dismiss this case as a sanction.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion for summary judgment be **denied without prejudice**. (Docket # 40).

Dated at Milwaukee, Wisconsin this 8th day of January, 2011.

BY THE COURT:

/s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge